IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 14-cv-02151-REB

HARVEY NELSON,

    Applicant,

v.

TRAVIS TRANI, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS

**Blackburn, J.**

This matter is before me on the *pro se* **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** ("the Application") [#1][1] filed by Applicant Harvey Nelson.  Respondents filed an **Answer to Application for Writ of Habeas Corpus** ("the Answer") [#28], and Mr. Nelson filed a **Reply to Answer to Application for Writ of Habeas Corpus** ("the Reply") [#30].

I must construe and have construed the Application and other papers filed by Mr. Nelson liberally because he is not represented by an attorney.  ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972) (per curiam); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, I should not be an advocate for a *pro se* litigant.  ***See Hall***, 935 F.2d at 1110.

---

[1] [#1] is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

After reviewing the pertinent portions of the record in this case, including the Application, the Answer, the Reply, and the state court record, I conclude that the Application should be denied and the case dismissed with prejudice.

## I. BACKGROUND

Mr. Nelson is challenging the validity of his conviction and sentence in El Paso County District Court case number 06CR542.  He was convicted of a number of drug offenses and found to be an habitual criminal.  He is serving a sentence of seventy-two years in state prison.

On direct appeal Mr. Nelson argued that "the trial court erred in denying his motion to suppress evidence based on police officers' allegedly unconstitutional entry and search of his residence."  ***People v. Nelson***, 296 P.3d 177, 181 (Colo. App. 2012).  He specifically claimed his Fourth Amendment rights were violated.  (***See*** [#13-2].)  The relevant factual background was described by the Colorado Court of Appeals as follows:

### A. Evidence

> The following evidence was presented at the suppression hearing.  On January 27, 2006, police officers went to an apartment building after receiving a tip from an anonymous informant that narcotics distribution was occurring in apartment 114.  Officer Andrews spoke to the apartment manager, who informed him that a man who was not named on the lease was residing in the unit and had paid the rent.
>
> Officer Andrews, who was in police uniform, was assisted by Officer Eberhart, who was wearing plain clothes.  The officers wanted to conduct a "knock and talk" with the apartment's occupants to gather more information and seek consent to search the apartment.  Therefore, they determined that Officer Eberhart would knock on the door, while Officer Andrews stayed out of sight.

Officer Eberhart knocked on the apartment door, waited approximately one minute, and knocked again. A voice from inside asked who it was, and Officer Eberhart responded, "Maintenance." Nelson opened the door and stood "directly in front of" it. Officer Eberhart was able to see another man inside the apartment. At that point, Officer Andrews walked up behind Officer Eberhart, and the other man inside ran toward the back of the apartment. Officer Andrews entered the apartment in pursuit of the man, while Officer Eberhart pulled Nelson to the ground in the doorway to keep him from interfering with Officer Andrews.

Officer Andrews testified that, when Nelson opened the door, he saw a glass pipe commonly used for smoking marijuana on a table inside the apartment. When he noticed the other man running, he assumed that he was fleeing, destroying evidence, or trying to obtain a weapon. Officer Andrews chased him out the back door of the apartment, where the man dropped a knife. The officer then apprehended him, recovered packets of methamphetamine from his pockets, and brought him back inside the apartment.

B. Factual Findings and Legal Conclusions

The trial court first determined that Nelson had standing to challenge the search of the apartment because he was in the apartment with the written lessee's consent.

The court also determined that the officers' decision to use a ruse to get Nelson to open the door was not improper and did not violate the Fourth Amendment, as the officers "merely used a false statement at the door to have the door opened."

The court next concluded that the warrantless entry into the apartment was constitutional. The court found that the glass pipe was in plain view and gave the officers probable cause to believe evidence of a crime was inside. The other man's flight toward the back of the apartment and out of Officer Andrews's view amounted to exigent circumstances justifying the entry "to apprehend the suspect and to ensure that no weapon was used, or about to be used, and to preserve the evidence."

***Nelson***, 296 P.3d at 181-82.

The Colorado Court of Appeals agreed generally with the trial court's findings but remanded the case for further proceedings. The appellate court first determined the warrantless entry into Mr. Nelson's apartment did not violate the Fourth Amendment because the use of the "maintenance" ruse to get him to open the apartment door was not illegal, and the subsequent warrantless entry was justified by exigent circumstances and probable cause. ***See id.*** at 182-86. Concerning the search of the apartment, the Colorado Court of Appeals agreed with Mr. Nelson that his girlfriend's consent to search, which was given after the initial warrantless entry, was not valid as to him. ***See id.*** at 186. The Colorado Court of Appeals next determined that a search warrant obtained by the police after the warrantless entry and consent search was supported by sufficient probable cause even without consideration of the evidence unlawfully discovered during the consent search. ***See id.*** at 186-187. However, the Colorado Court of Appeals remanded for further proceedings "to determine whether the independent source exception to the exclusionary rule permitted the recovery and use at trial of the items seized pursuant to the warrant, despite the prior illegality of the consent search." ***Id.*** at 188. On January 14, 2013, the Colorado Supreme Court denied Mr. Nelson's petition for writ of certiorari. (***See*** [#13-6].)

On August 9, 2013, the trial court held an evidentiary hearing to consider the issue for which the case was remanded by the Colorado Court of Appeals. (***See*** [#13-1] at 11.) On September 11, 2013, the trial court entered an order rejecting Mr. Nelson's arguments. (***See id.***) Mr. Nelson did not appeal.

4

Mr. Nelson asserts in the Application the same claims he raised on direct appeal. He specifically contends his Fourth Amendment rights were violated because the knock-and-talk contact was not based on consent (claim one), there was no probable cause (claim two), the plain view doctrine does not apply (claim three), the trial court relied on the wrong standard in analyzing whether the glass pipe was drug paraphernalia (claim four), there were no exigent circumstances (claim five), and the independent source doctrine does not apply (claim six).

## II. ANALYSIS

Respondents argue that Mr. Nelson's Fourth Amendment claims are not cognizable in this habeas corpus action based on the Supreme Court's decision in ***Stone v. Powell***, 428 U.S. 465 (1976).  Under ***Stone***, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  ***Stone***, 428 U.S. at 494 (footnotes omitted); ***see also Miranda v. Cooper***, 967 F.2d 392, 401 (10th Cir. 1992).  A full and fair opportunity to litigate a Fourth Amendment claim in state court includes the procedural opportunity to litigate the claim as well as a full and fair evidentiary hearing.  ***See Miranda***, 967 F.2d at 401.  A full and fair opportunity to litigate also "contemplates recognition and at least colorable application of the correct Fourth Amendment constitutional standards."  ***Gamble v. Oklahoma***, 583 F.2d 1161, 1165 (10th Cir. 1978). Here, it is Mr. Nelson's burden to demonstrate he was denied a full and fair opportunity to litigate his Fourth Amendment claims in state court.  ***See Young v. Conway***, 715

F.3d 79, 92 (2d Cir. 2013) (Raggi, Circuit J., dissenting from denial of reh'g en banc); *Peoples v. Campbell*, 377 F.3d 1208, 1224 (11th Cir. 2004); *Sanna v. Dipaolo*, 265 F.3d 1, 8 (1st Cir. 2001); *Woolery v. Arave*, 8 F.3d 1325, 1328 (9th Cir. 1993); *Davis v. Blackburn*, 803 F.2d 1371, 1372 (5th Cir. 1986) (per curiam); *Doleman v. Muncy*, 579 F.2d 1258, 1266 (4th Cir. 1978).

Mr. Nelson does not challenge the adequacy of the evidentiary hearings on his motion to suppress, and he does not dispute the fact that he had a procedural opportunity to litigate his Fourth Amendment claims in the Colorado courts. In fact, as shown above, Mr. Nelson's Fourth Amendment claims were the subject of extensive litigation in the state court proceedings: he raised the Fourth Amendment issues in the trial court prior to trial; the trial court denied his motion to suppress following an evidentiary hearing on that motion; the Fourth Amendment issues were raised and addressed on direct appeal; and the trial court held another evidentiary hearing on remand from the Colorado Court of Appeals. In *Smallwood v. Gibson*, 191 F.3d 1257, 1265 (10th Cir. 1999), it was sufficient that petitioner filed a motion to suppress, trial counsel adequately apprised the trial court of the factual basis for the Fourth Amendment claim, appellate counsel presented the issue on direct appeal, and the state courts "thoughtfully considered the facts underlying [the] Fourth Amendment claim" but rejected it on the merits by applying appropriate Supreme Court precedents. Mr. Nelson cannot demonstrate in this action that he was denied a similar opportunity.

With respect to colorable application of the correct standards, Mr. Nelson refers in his Reply to the Tenth Circuit's statement that "[d]eference to state court

consideration of Fourth Amendment claims does not require federal blindness to a state court's wilful refusal to apply the appropriate constitutional standard." **Gamble**, 583 F.2d at 1165. However, Mr. Nelson does not identify any appropriate constitutional standards relevant to his claims that the state court refused to apply. Instead, it is apparent that he merely disagrees with the state court's application of the correct Fourth Amendment standards and the ultimate conclusion that his Fourth Amendment rights were not violated. Such disagreement does not demonstrate the absence of a full and fair opportunity to litigate his Fourth Amendment claims. **See Matthews v. Workman**, 577 F.3d 1175, 1194 (10th Cir. 2009) (rejecting petitioner's argument that state court misapplied Fourth Amendment doctrine in reaching wrong conclusions about probable cause because that was not the proper question under **Stone**); **see also Pickens v. Workman**, 373 F. App'x 847, 850 (10th Cir. 2010) (stating that "[t]he opportunity for full and fair litigation is not defeated merely because a participant might prefer a different outcome"). To the extent Mr. Nelson disagrees with the factual determinations made by the state courts, he fails to present clear and convincing evidence to overcome the presumption of correctness that attaches to those factual findings. **See** 28 U.S.C. § 2254(e)(1).

For all of these reasons I find and conclude that Mr. Nelson had a procedural opportunity to litigate his Fourth Amendment claim as well as a full and fair evidentiary hearing and that the Colorado courts made "at least colorable application of the correct Fourth Amendment constitutional standards." **Gamble**, 583 F.2d at 1165. As a result, consideration of the merits of his Fourth Amendment claims is barred by **Stone v.**

*Powell* and Mr. Nelson is not entitled to relief in this action.

### III. COA & OFP

Under 28 U.S.C. § 2253(c)(2), this Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when a prisoner demonstrates that jurists of reason would find it debatable that a constitutional violation occurred, and that the district court erred in its resolution. Mr. Nelson has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability is denied.

Under 28 U.S.C. § 1915(a)(3), the court certifies that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. **See Coppedge v. United States**, 369 U.S. 438 (1962). If Mr. Nelson files a notice of appeal, he also must pay the full appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

### IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** [#1] filed by Applicant Harvey Nelson is **DENIED**;

2. That this case is **DISMISSED WITH PREJUDICE**; and

3. That a certificate of appealability **SHALL NOT ISSUE** under 28 U.S.C. § 2253(c); and

4. That leave to proceed *in forma pauperis* on appeal is **DENIED** without

prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit

Dated September 2, 2015, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

9